FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2013 JUN -5 P 4: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| OPEN TEXT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>BOX, INC. and CARAHSOFT<br>TECHNOLOGY CORPORATION,<br><br>Defendants. | Civil Action No. 2:13 CV 39<br>MSD-RBS/LRL<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Open Text S.A. alleges against Defendants Box, Inc. ("Box") and Carahsoft Technology Corporation ("Carahsoft") (collectively, "Defendants") as follows:

### JURISDICTION

1.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     This Court has personal jurisdiction over Box and Carahsoft because each of them regularly conducts business in the Commonwealth of Virginia and in this district, including operating systems and/or providing services in Virginia and in this district that infringe one or more claims of the patents-in-suit in this forum. Box and Carahsoft have each established minimum contacts with this forum such that the exercise of jurisdiction over each of these Defendants would not offend traditional notions of fair play and substantial justice.

### VENUE

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because Box and Carahsoft reside in this district.

## JOINDER

4.     Joinder of the Defendants is proper under 35 U.S.C. § 299 because each Defendant has infringed and is infringing the patents-in-suit by making, using, offering for sale, and/or selling the Personal, Business, and Enterprise versions of Box's content-sharing software. Plaintiff's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, offering for sale, and/or selling of Box's content-sharing software, and questions of fact common to both Defendants will arise in this action with respect to at least their infringing offers to sell and sales of the Personal, Business, and Enterprise versions of Box's content-sharing software.

## THE PARTIES

### Open Text S.A.

5.     Open Text Corporation provides information management solutions that allow companies to organize and manage content, operate more efficiently, increase engagement with customers, collaborate with business partners, and address regulatory and business requirements.

6.     Plaintiff Open Text S.A. is a Luxembourg corporation with its registered address at 29 Boulevard Royal, L-2449 Luxembourg. Open Text S.A. is a subsidiary of Open Text Corporation, a Canadian corporation with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada.

7.     Open Text Corporation distributes software products and provides customer support and professional services through a number of subsidiaries, including Open Text, Inc., which sells OpenText software and services in the United States.

8.     OpenText Public Sector Solutions, Inc. ("OTPSS"), a Virginia corporation with its headquarters in Arlington, Virginia, is a subsidiary of Open Text, Inc.

9.     The Open Text family of companies (collectively "OpenText") has approximately 5,000 employees, more than 50,000 customers, and over $1.2 billion in annual revenues. OpenText invested $169 million on research and development during the last fiscal year, and approximately $450 million over the three years ending June 30, 2012.

10.     One of OpenText's core markets is Enterprise Content Management ("ECM"), which refers to a variety of solutions for managing business content.  One such solution provides a repository for electronic documents (such as those created via Microsoft Office, Computer-Aided Design, or Portable Document Format) and allows for functions such as organization, display, classification, access and version control, event auditing, rendition, and search.  ECM also includes software tools and services for collaboration, records and email management, and archiving.

11.     OpenText's ECM provides the foundation for its offerings in a broader market category known as Enterprise Information Management ("EIM").  EIM encompasses capabilities such as Business Process Management ("BPM"), Customer Experience Management ("CEM"), Information Exchange ("IE"), and Discovery.  OpenText offers a range of software products and services in each of these areas.

12.     OpenText tracks its business through four revenue streams:  license, customer support, cloud services, and professional services.  OpenText receives license revenue from the sale of its software products; customer support revenue from renewable support and maintenance OpenText provides to customers who have purchased its products; cloud services revenue from certain "managed hosting" services arrangements; and professional services revenue from consulting fees OpenText collects for providing implementation, training, and integration services related to OpenText's product offerings.

13. OpenText is expanding sales and market share in the public sector and the defense industry. In a 2012 letter to shareholders, for example, OpenText identified both of these areas as important growth opportunities for the current fiscal year.

14. OpenText's activities in the United States with respect to the public sector and the defense industry are based in and around this judicial district.

15. OTPSS, through its employees within this district at its Arlington headquarters, is the exclusive provider of OpenText professional services for the United States federal government.

16. OTPSS interacts with the federal government with respect to the sales, marketing, installation, customization, and integration of OpenText software. OTPSS works closely with multiple government agencies, including the United States Department of Defense ("DOD").

17. OpenText also maintains an office in Rockville, Maryland. The Rockville office is home to OpenText's Public Sector Sales ("PSS") group and several key OpenText employees, including OpenText's Vice President for Public Sector Sales, Public Sector Partner Manager, and at least six sales directors and account executives, one of whom works exclusively with the DOD. Key employees reside in this judicial district and in Washington, D.C.

18. The PSS group is responsible for all sales of OpenText software to the public sector, including all federal, state, and local government entities. The Commonwealth of Virginia, for example, is an OpenText customer currently using OpenText's ECM software. Since PSS typically sells software together with professional services, PSS often partners with OTPSS in providing software and services to the federal government.

19. Many of OpenText's government customers are based in this judicial district. For example, OpenText provides products and services to the U.S. Marshals Service, the United

4

States Patent and Trademark Office, the Department of Veterans Affairs, the Joint Warfare Analysis Center, the Office of Naval Research, U.S. Customs and Border Protection, NASA's Langley Research Center, the Defense Advanced Research Projects Agency ("DARPA"), the U.S. Army Corps of Engineers, and the United States Departments of State, Defense, Justice, Treasury, and Homeland Security, all of whom are headquartered and/or reside in northern Virginia.

20. In addition to its government customers, many of OpenText's largest customers, including Northrop Grumman, General Dynamics IT, and CGI Technologies, are based in this judicial district. OpenText sells a variety of products and services, including its ECM software, to these customers, and also partners with each of them to provide software and services to the federal government.

21. OpenText also serves a large number of industry and interest groups based in the D.C. metro area, including AARP, which is based in Washington.

22. Because of their exclusive role in providing OpenText products and services to government entities and defense contractors, OpenText employees based in Arlington, Virginia and elsewhere in the greater-Washington, D.C. area are central to OpenText's efforts to expand its presence in the public sector and the defense industry, two of OpenText's key growth industries.

### Box, Inc.

23. Defendant Box, Inc. is a Delaware corporation with its headquarters at 4440 El Camino Real, Los Altos, California 94022.

24. Box provides ECM software in the form of online file-sharing and content-management services.

25.     Box offers at least three different configurations of its content-sharing services: Personal, Business, and Enterprise.  All three of these configurations infringe the patents-in-suit.

26.     Box's customers infringe the patents-in-suit by using the Personal, Business, and Enterprise configurations of Box's content-sharing software.

27.     Box encourages customers to use infringing software at least by making its content-sharing services available on its website, widely advertising those services, providing applications that allow users to access those services, and providing technical support to users.

28.     Box infringes the patents-in-suit within this judicial district by using the infringing software and making it available to customers through an Equinix data center located in Ashburn, Virginia.

29.     Box competes directly with OpenText in the ECM and EIM markets by offering for sale and selling the infringing Box content-sharing services.  Box claims to have 150,000 customers.

30.     Box actively markets and sells infringing software to the public sector and the defense industry, both of which are important to OpenText's strategic growth initiatives.  For example, Box partners with Carahsoft and other distributors with a presence in this judicial district to specifically market and sell infringing software to government customers.

31.     Box's website features a "Box Government Toolkit" and multimedia presentation focused on providing infringing software solutions for government entities.

32.     The Box website promotes the benefits of its infringing software to state, local, and federal agencies, and features the use of its software by several government entities, including the Department of State, the Department of Health and Human Services, the Food and Drug Administration, the Department of Agriculture, and the United States Postal Service.

33.    The Box website also touts its sales of infringing software to the General Services Administration (the purchasing agent for the United States government) and AARP.  Both are also OpenText customers.

34.    As a result of Box's unlawful competition in this judicial district and elsewhere in the United States, OpenText and OTPSS have lost sales and profits and suffered irreparable harm, including lost market share and goodwill.

35.    Because Box actively targets customers served by OpenText and OTPSS offices in Arlington, Virginia and Rockville, Maryland, Box's infringement adversely impacts the large number of OpenText and OTPSS employees who live and work in and around this judicial district.

### Carahsoft Technology Corporation

36.    Defendant Carahsoft Technology Corporation is a Maryland corporation with its headquarters at 12369 Sunrise Valley Drive, Reston, Virginia 20191.

37.    Carahsoft offers for sale and sells the Personal, Business, and Enterprise versions of Box's infringing content-sharing software in the United States.

38.    Carahsoft encourages customers to use the infringing Box software at least by advertising "Box Personal," "Box Business," and "Box Enterprise" on its website and by providing a "Box Overview" file for download by potential customers.

39.    Carahsoft competes directly with OpenText in the ECM and EIM markets by offering for sale and selling the infringing Box content-sharing services.  Carahsoft provides the Personal, Business, and Enterprise versions of the infringing Box software through its website and sales representatives.

7

40. Carahsoft actively markets and sells infringing software to the public sector, which is important to OpenText's strategic growth initiatives.

41. As a result of Carahsoft's unlawful competition in this judicial district and elsewhere in the United States, OpenText and OTPSS have lost sales and profits and suffered irreparable harm, including lost market share and goodwill.

42. Because Carahsoft actively targets customers served by OpenText and OTPSS offices in Arlington, Virginia and Rockville, Maryland, Carahsoft's infringement adversely impacts the large number of OpenText and OTPSS employees who live and work in and around this judicial district.

## THE PATENTS-IN-SUIT

43. U.S. Patent No. 7,062,515 ("the '515 patent"), entitled "System and Method for the Synchronization of a File in a Cache," was duly and legally issued on June 13, 2006. A true and correct copy of the '515 patent is attached as Exhibit A.

44. U.S. Patent No. 7,590,665 ("the '665 patent"), entitled "System and Method for the Synchronization of a File in a Cache," was duly and legally issued on September 15, 2009. A true and correct copy of the '665 patent is attached as Exhibit B.

45. U.S. Patent No. 8,117,152 ("the '152 patent"), entitled "System and Method for the Synchronization of a File in a Cache," was duly and legally issued on February 14, 2012. A true and correct copy of the '152 patent is attached as Exhibit C.

46. U.S. Patent No. 7,647,372 ("the '372 patent"), entitled "Method and System for Facilitating Marketing Dialogues," was duly and legally issued on January 12, 2010. A true and correct copy of the '372 patent is attached as Exhibit D.

47.    U.S. Patent No. 7,975,007 ("the '007 patent"), entitled "Method and System for Facilitating Marketing Dialogues," was duly and legally issued on July 5, 2012.  A true and correct copy of the '007 patent is attached as Exhibit E.

48.    U.S. Patent No. 6,223,177 ("the '177 patent"), entitled "Network Based Groupware System," was duly and legally issued on April 24, 2001.  A true and correct copy of the '177 patent is attached as Exhibit F.

49.    U.S. Patent No. 6,917,962 ("the '962 patent"), entitled "Web-Based Groupware System," was duly and legally issued on July 12, 2005.  A true and correct copy of the '962 patent is attached as Exhibit G.

50.    U.S. Patent No. 7,287,055 ("the '055 patent"), entitled "Web-Based Groupware System," was duly and legally issued on October 23, 2007.  A true and correct copy of the '055 patent is attached as Exhibit H.

51.    U.S. Patent No. 7,299,258 ("the '258 patent"), entitled "Web-Based Groupware System," was duly and legally issued on November 20, 2007.  A true and correct copy of the '258 patent is attached as Exhibit I.

52.    U.S. Patent No. 7,320,018 ("the '018 patent"), entitled "Web-Based Groupware System," was duly and legally issued on January 15, 2008.  A true and correct copy of the '018 patent is attached as Exhibit J.

53.    U.S. Patent No. 7,734,694 ("the '694 patent"), entitled "Web-Based Groupware System," was duly and legally issued on June 8, 2010.  A true and correct copy of the '694 patent is attached as Exhibit K.

54.     U.S. Patent No. 8,176,122 ("the '122 patent"), entitled "Web-Based Groupware System," was duly and legally issued on May 8, 2012.  A true and correct copy of the '122 patent is attached as Exhibit L.

55.     Open Text S.A. is the sole holder of all right, title, and interest in the '515, '665, '152, '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents (collectively, the "Patents-in-Suit"), including all rights to collect damages throughout the period of Defendants' infringing acts, all rights to prevent others from making, having made, using, offering for sale, or selling products or services covered by such patents, and all rights to enforce the Patents-in-Suit.

### FIRST CAUSE OF ACTION
### (INFRINGEMENT OF THE '515 PATENT)

56.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

57.     Box has infringed and continues to infringe one or more claims of the '515 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services.  Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

58.     Carahsoft has infringed and continues to infringe one or more claims of the '515 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of

the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

59. For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '515 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

60. For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '515 patent. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## SECOND CAUSE OF ACTION
### (INFRINGEMENT OF THE '665 PATENT)

61. OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

62. Box has infringed and continues to infringe one or more claims of the '665 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services. Box encourages customers to use the

infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

63.     Carahsoft has infringed and continues to infringe one or more claims of the '665 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

64.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '665 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

65.     For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '665 patent. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '152 PATENT)

66.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

67.     Box has infringed and continues to infringe one or more claims of the '152 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services.  Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

68.     Carahsoft has infringed and continues to infringe one or more claims of the '152 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services.  Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

69.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '152 patent.  Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

70.     For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '152 patent.  In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## FOURTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '372 PATENT)

71.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

72.     Box has infringed and continues to infringe one or more claims of the '372 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services.  Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

73.     Carahsoft has infringed and continues to infringe one or more claims of the '372 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services.  Carahsoft encourages customers to use the

infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

74.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '372 patent.   Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

75.     For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '372 patent.  In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '007 PATENT)

76.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

77.     Box has infringed and continues to infringe one or more claims of the '007 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services.  Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its

content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

78.     Carahsoft has infringed and continues to infringe one or more claims of the '007 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

79.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '007 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

80.     For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '007 patent. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## SIXTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '177 PATENT)

81.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

82.     Box has infringed and continues to infringe one or more claims of the '177 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services. Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

83.     Carahsoft has infringed and continues to infringe one or more claims of the '177 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

84.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '177 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

85.     For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '177 patent.  In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

### SEVENTH CAUSE OF ACTION
#### (INFRINGEMENT OF THE '962 PATENT)

86.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

87.     Box has infringed and continues to infringe one or more claims of the '962 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services.  Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

88.     Carahsoft has infringed and continues to infringe one or more claims of the '962 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services.  Carahsoft encourages customers to use the

infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

89.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '962 patent.  Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

90.     For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '962 patent. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

### EIGHTH CAUSE OF ACTION
#### (INFRINGEMENT OF THE '055 PATENT)

91.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

92.     Box has infringed and continues to infringe one or more claims of the '055 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Box's infringement includes, without limitation, making, using, selling, and offering to sell the Personal, Business, and Enterprise versions of its file-sharing software, systems, and services. Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its

content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

93.   Carahsoft has infringed and continues to infringe one or more claims of the '055 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.  Carahsoft's infringement includes, without limitation, selling and offering to sell the Personal, Business, and Enterprise versions of the Box file-sharing software, systems, and services.  Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

94.   For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '055 patent.   Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

95.   For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '055 patent.  In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## NINTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '258 PATENT)

96.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

97.     Box has infringed and continues to infringe one or more claims of the '258 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Box's infringement includes, without limitation, making, using, selling, and offering to sell the Business and Enterprise versions of its file-sharing software, systems, and services. Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

98.     Carahsoft has infringed and continues to infringe one or more claims of the '258 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell the Business and Enterprise versions of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

99.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '258 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

100. For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '258 patent. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

### TENTH CAUSE OF ACTION
#### (INFRINGEMENT OF THE '018 PATENT)

101. OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

102. Box has infringed and continues to infringe one or more claims of the '018 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Box's infringement includes, without limitation, making, using, selling, and offering to sell at least the Enterprise version of its file-sharing software, systems, and services. Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

103. Carahsoft has infringed and continues to infringe one or more claims of the '018 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell at least the Enterprise version of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing

Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

104.   For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '018 patent.   Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

105.   For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '018 patent.   In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## ELEVENTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '694 PATENT)

106.   OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

107.   Box has infringed and continues to infringe one or more claims of the '694 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court.   Box's infringement includes, without limitation, making, using, selling, and offering to sell at least the Enterprise version of its file-sharing software, systems, and services.   Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-

sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

108.    Carahsoft has infringed and continues to infringe one or more claims of the '694 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell at least the Enterprise version of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

109.    For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '694 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

110.    For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '694 patent. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## TWELFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '122 PATENT)

111.   OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

112.   Box has infringed and continues to infringe one or more claims of the '122 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Box's infringement includes, without limitation, making, using, selling, and offering to sell at least the Enterprise version of its file-sharing software, systems, and services. Box encourages customers to use the infringing software at least by selling and offering to sell the infringing software, making its content-sharing services available on its website, providing applications that allow users to access those services, widely advertising those services, and providing technical support to users.

113.   Carahsoft has infringed and continues to infringe one or more claims of the '122 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, and will continue to do so unless enjoined by this Court. Carahsoft's infringement includes, without limitation, selling and offering to sell at least the Enterprise version of the Box file-sharing software, systems, and services. Carahsoft encourages customers to use the infringing Box software at least by selling and offering to sell the infringing Box software, advertising "Box Personal," "Box Business," and "Box Enterprise" on its website, and providing a "Box Overview" file for download by potential customers.

114.   For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendants' infringement of the '122 patent. Defendants are therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendants' infringement, but no less than a reasonable royalty.

115.    For ongoing and future infringement, OpenText will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendants, their agents, employees, representatives, and all others acting in concert with Defendants from infringing the '122 patent.  In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Defendants will be adjudicated infringers of a valid patent, and thus Defendants' future infringement will be willful as a matter of law.

## PRAYER FOR RELIEF

WHEREFORE, OpenText respectfully requests the following relief:

a)     That this Court adjudge and decree that Defendants have been, and are currently, infringing each of the '515, '665, '152, '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents;

b)     That this Court award damages to OpenText to compensate it for Defendants' past infringement, through the date of trial in this action, of the '515, '665, '152, '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents;

c)     That this Court award pre- and post-judgment interest on such damages to OpenText;

d)     That this Court order an accounting of damages incurred by OpenText between the close of fact discovery and the entry of a final, non-appealable judgment;

e)     That this Court determine that this patent infringement case is exceptional pursuant to 35 U.S.C. §§ 284 and 285 and award OpenText its costs and attorneys' fees incurred in this action;

f) That this Court preliminarily and permanently enjoin Defendants from infringing any of the '515, '665, '152, '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents;

g) That this Court order Defendants to:

(i) recall and collect from all persons and entities that have purchased any and all products found to infringe any of the '515, '665, '152, '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents that were made, offered for sale, sold, or otherwise distributed in the United States by Defendants or anyone acting on their behalf;

(ii) destroy or deliver all such infringing products to OpenText;

(iii) revoke all licenses to all such infringing products;

(iv) disable all web pages offering or advertising all such infringing products;

(v) destroy all other marketing materials relating to all such infringing products;

(vi) disable all applications providing access to all such infringing software; and

(vii) destroy all infringing software that exists on hosted systems.

h) That this Court, if it declines to enjoin Defendants from infringing any of the '515, '665, '152, '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents, award damages for future infringement in lieu of an injunction; and

i) That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

OpenText respectfully requests a trial by jury on all issues triable thereby.

Dated:  June 5, 2013

Respectfully submitted,

Christopher C. Campbell (VA Bar No. 36244)
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
ccampbell@cooley.com

*Attorneys for Plaintiff Open Text S.A.*