

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

OPEN TEXT S.A.,

      Plaintiff,

v.                         Case No.: **2:13cv319**

BOX, INC., ET AL.,

      Defendants.

## <u>MEMORANDUM ORDER</u>

This matter is before the Court on Defendants' Box, Inc. ("Box") and Carahsoft Technology Corporation ("Carahsoft") (collectively "Defendants") Motion to Transfer Venue to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a) and alternative request to sever and stay the claims against Carahsoft. ECF Nos. 46, 47. On October 11, 2013, another judge of this Court issued an order granting a motion to transfer in a nearly identical case brought by Open Text S.A. on June 5, 2013. See <u>Open Text S.A. v. Alfresco Software, Ltd.</u>, No. 2:13cv320 (Oct. 11, 2013). For the reasons set forth herein, the Court adopts those findings and **GRANTS** Defendants' motion to transfer.

### I.    PROCEDURAL HISTORY

Plaintiff Open Text S.A. ("OpenText") filed the instant action in the Alexandria Division of this District on June 6, 2013, accusing Defendants of infringing twelve of its patents,

1

including those at issue in Alfresco Software.  After the filing
of OpenText's Complaint in the Alexandria Division of this
Court, the action was subsequently transferred to this Division,
pursuant to District policy concerning the rotation of certain
cases.

## II. LEGAL STANDARD

In order to determine whether a transfer of venue is
appropriate, "a district court must make two inquires:
(1) whether the claims might have been brought in the transferee
forum, and (2) whether the interest of justice and convenience
of the parties and witnesses justify transfer to that forum."
Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627, 630 (E.D.
Va. 2003).

In determining whether the convenience of the parties and
witnesses and the interest of justice support transfer, the
district court looks to four principal factors:
"(1) plaintiff's choice of forum, (2) convenience of the
parties, (3) witness convenience and access, and (4) the
interest of justice." Pragmatus AV, LLC v. Facebook, Inc., 769
F. Supp. 2d 991, 994-95 (E.D. Va. 2011) (quoting Heinz Kettler
GmbH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va.
2010)). Ultimately, the burden of proof is on the movant to
show "that transfer does more than merely 'shift the
inconvenience to the other party.'" JTH Tax, Inc. v. Lee, 482

F. Supp. 2d 731, 736 (E.D. Va. 2007) (quoting DMP Corp. v. Fruehauf Corp., 617 F. Supp. 76, 77 (W.D.N.C. 1985)). "[T]he balance of convenience among the parties and witnesses [must weigh] strongly in favor of the forum to which transfer is sought." Nationwide Mut. Ins. Co. v. The Overlook, LLC, No. 4:10cv69, 2010 U.S. Dist. LEXIS 60300, at *10-11 (E.D. Va. June 17, 2010) (emphasis in original) (quoting Nossen v. Hoy, 750 F. Supp. 740, 742 (E.D. Va. 1990)).

### III. DISCUSSION

First, most of the parties are the same in this case as in Alfresco Software. Plaintiff OpenText is a Luxembourg corporation with a registered address in Luxembourg and is a subsidiary of Open Text Corporation, a Canadian corporation with its principal place of business in Ontario, Canada. Defendant Carahsoft is a Maryland corporation with its headquarters in Reston, Virginia. The other defendant, Box, is a Delaware corporation with its headquarters in Los Altos, California, located in the Northern District of California. All parties agree that OpenText's patent infringement claims could have been brought in the Northern District of California. See ECF No. 47 at 3-4, 28.

As this Court observed in Alfresco Software, "The weight given the plaintiff's choice varies in proportion to the connection between the forum and the cause of action." GTE

3

Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). "Thus, a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum." Id. When the chosen district "is not [the plaintiff's] home," the plaintiff's choice of forum "is not entitled to substantial weight." Acterna, LLC v. Adtech, Inc., 129 F. Supp. 2d 936, 938 (E.D. Va. 2001). For the same reasons as discussed in Alfresco Software, the Court assigns little weight to Plaintiff's choice of forum. See Alfresco Software, at *4.

Second, it is well-established that, "[i]n patent infringement suits, the preferred forum is generally 'the center of the accused activity.'" CIVIXX-DDI, LLC v. Loopnet, Inc., No. 2:12cv2, 2012 U.S. Dist. LEXIS 123821, at *12 (E.D. Va. Aug. 30, 2012) (quoting Acterna, 129 F. Supp. 2d at 939)). "The witnesses whose testimony is most important are those involved in the development, production, marketing, and sales of the accused product." Alfresco Software, at *5 (citing Acterna, 129 F. Supp. 2d at 939; GTE Wireless, 71 F. Supp. 2d at 519). Many of the potential witnesses in this case, including the inventors of the patents-in-suit, OpenText's witnesses, and Carahsoft's employees, are the same as those in Alfresco Software. Moreover, Box's "relevant witnesses and documents are located in the Northern District of California," including "[a]ll key witnesses with knowledge regarding the design, development,

4

testing, functionality and operation of the Accused Products,"
"market research, product brochures, and advertising," and
"sale, distribution and other financial information concerning
the Accused Products." ECF No. 47 at 19. Box asserts in its
supporting memorandum that none of its "five employees in
Virginia . . . had any involvement in the design and development
of the Accused Products" and that "Box maintains no documents in
Virginia regarding the Accused Products." Id. at 20.
Therefore, "[b]ecause most of the witnesses with knowledge of
the accused activity are located in the Northern District of
California, the convenience of the witnesses favors transfer to
that district." Alfresco Software, at *7.

Third, regarding the convenience of the parties and
location of the evidence, the parties to this case are the same
as in Alfresco Software, with the exception of Box, which is
headquartered in the Northern District of California.
Furthermore, "[i]n patent infringement cases, the bulk of the
relevant evidence usually comes from the accused infringer.
Consequently, the place where the defendant's documents are kept
weighs in favor of transfer to that location." Id. at *8
(quoting In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir.
2009)). Defendant Box's documentary evidence is located in the
Northern District of California. Carahsoft has no documents
related to the technical aspects of the accused products, and

any documents related to the marketing and sales of the accused products are in Box's possession, not Carahsoft's. See ECF No. 47-1 at 3-4. In addition, Carahsoft, the "only party for whom this district is more convenient," Alfresco Software, at *9, consents to the transfer, ECF No. 47-1 at 5. Accordingly, the Court adopts the finding in Alfresco Software that "the convenience of the parties favors transfer to the Northern District of California." Alfresco Software, at *9.

Fourth, the Court in Alfresco Software found that "the interest-of-justice factor does not favor either venue," observing that "[t]he only . . . factor that is potentially relevant to [Alfresco Software] is that of docket conditions." Id. at *9, *10. The transfer of Alfresco Software to the Northern District of California prompts this Court to carefully consider whether a transfer would serve the interest of "judicial economy and the avoidance of inconsistent judgments." Bluestone Innovations, LLC v. LG Elecs., Inc., No. 2:12cv545, 2013 U.S. Dist. LEXIS 57124, at *27 (E.D. Va. April 12, 2013). To be sure, "[r]unning a parallel case here would be unnecessarily duplicative" and "trying these cases separately creates the serious risk of inconsistent results." Id. at *28, 29. Accordingly, the Court finds that the interest-of-justice factor "weigh[s] heavily in favor of transfer to the Northern District of California." Id. at *31.

6

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Transfer Venue.

The Court **DIRECTS** the Clerk of the Court to send copies of this Memorandum Order to counsel of record.

**IT IS SO ORDERED.**

/s/ ⟨signature⟩

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 17 , 2013